IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TRULIANT FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>SUNTRUST BANKS, INC. and<br>BB&T CORPORATION.<br><br>Defendants. | Civil Action No.: 19-CV-601<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

The Plaintiff, Truliant Federal Credit Union ("Truliant"), by its attorneys, as and for its Complaint against the Defendants SunTrust Banks, Inc. ("SunTrust") and BB&T Corporation ("BB&T") (SunTrust and BB&T are hereinafter collectively referred to as "Defendants"), alleges the following:

## PARTIES

1. Truliant is a federally chartered credit union having its principal place of business in Winston-Salem, North Carolina.

2. SunTrust Trust is a corporation duly organized and existing under the laws of the State of Georgia, having its principal place of business in Atlanta, Georgia.

3. BB&T is a corporation duly organized and existing under the laws of the State of North Carolina, having its principal place of business in Winston-Salem, North Carolina.

## JURISDICTION AND VENUE

4. This is a civil action for trademark infringement, false designation of origin, and unfair competition arising under the Trademark Act of 1946 (the "Lanham Act"), as amended 15 U.S.C. § 1051 *et seq.* This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121 in that this action arises in part under 15 U.S.C. § 1125. This Court has jurisdiction over Truliant's state law claims under 28 U.S.C. § 1338(b) and the doctrine of supplemental jurisdiction because these claims are joined with substantial and related claims under federal trademark law.

5. This court has personal jurisdiction over Defendants based on their systematic and continuous contacts with the Middle District of North Carolina, and pursuant to the underlying due process principles of the United States Constitution.

6. Defendants have caused and are causing injury within this district by causing confusion in the marketplace through their infringing conduct as alleged herein.

7. Venue is proper in the Middle District of North Carolina pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Truliant's TRULIANT Mark and Portfolio of TRU Marks

8. Truliant, has been providing, among other things, credit union services, automobile loan and lease services, mortgage services, financial planning services, investment brokerage services, and insurance services (collectively, the "Truliant

Services") in connection with the trademark TRULIANT (the "TRULIANT Mark") since at least June 1999.

9. Truliant is the owner of U.S. Trademark Registration No. 2,437,545 for the TRULIANT Mark (the "TRULIANT Registration"), a true and correct copy of which is attached hereto as <u>Exhibit A</u>.

10. The TRULIANT Registration was placed on the Principal Register of the United States Patent and Trademark office on March 20, 2001, and is valid and existing, incontestable, unrevoked, and uncancelled.

11. Truliant's incontestable registration for TRULIANT provides conclusive evidence of Truliant's exclusive right to use its TRULIANT Mark in commerce pursuant to 15 U.S.C. § 1115(b), and it also provides nationwide constructive notice of Truliant's exclusive rights pursuant to 15 U.S.C. § 1072.

12. Truliant has enjoyed continuous and substantially exclusive use of its TRULIANT Mark for its services since June of 1999.

13. Truliant has also been providing its Truliant Services in connection with a number of trademarks with the prefix "TRU," as a play on its TRULIANT Mark, including: TRULIANCES since at least as early as April 2001, the federal registration for which is attached as <u>Exhibit B</u>; TRU-FINANCIAL CHECKUP since at least as early as April 2006, as shown in <u>Exhibit C</u>; TRU2GO since at least as early as May 2015, as shown in <u>Exhibit D</u>; TRUISM since at least as early as January 2019, as shown in <u>Exhibit E</u>; TRUCERATOPS since at least as early as June 2018, as shown in <u>Exhibit F</u>;

TRUGUIDANCE since at least as early as 2018, as shown in <u>Exhibit G</u>;. TRULY DIFFERENT., TRULY CARING., TRULY REFRESHING., TRULY HELPFUL., TRULY PERSONAL., and TRULY AFFORDABLE., each since at least as early as 2017, as shown in <u>Exhibit H</u>; and #TRUCOMMUNITY since at least as early as 2017, as shown in <u>Exhibit I</u>. The foregoing trademarks are hereinafter collectively referred to as the "TRU Marks."

14. Truliant's advertisement and sale of its Truliant Services in connection with its TRULIANT Mark and the TRU Marks have been considerable.

15. Based upon the continuous and substantially exclusive use of the TRULIANT Mark, and as a consequence of the extensive advertising, promotion, and sale of services under the TRULIANT Mark, the TRULIANT Mark has become exceedingly strong and is distinctive of Truliant's services in the minds of the consuming public. The public recognizes the TRULIANT Mark as representing the quality and value of the Truliant Services, identifying the Truliant Services as coming from a single source, and distinguishing the Truliant Services from services provided by other sources.

**Defendants' Use of the Term TRUIST**

16. Each of BB&T and SunTrust is a bank regulated by the Federal Deposit Insurance Corporation, providing financial services, including banking services, automobile loan and lease services, mortgage services, financial-planning services, and investment-brokerage services.

17. Each of BB&T and SunTrust provides its respective financial services in geographic areas that directly overlap with the geographic areas in which Truliant provides its financial services.

18. In February 2019, BB&T and SunTrust collectively announced that the companies are planning to merge in the third or fourth quarter of 2019 to create the sixth largest bank in the United States (the "Merged Bank").

19. On June 12, 2019, Defendants publicly announced Merged Bank will be named "Truist Financial Corporation," and branded as "Truist Bank" and "Truist," (hereinafter collectively referred to as the "TRUIST Term"), and that the BB&T and SunTrust brands will be transitioned to the Truist brand. See Exhibit J.

20. By virtue of Defendants' public announcement and use of the TRUIST Term as the brand name for the Merged Bank, and Defendants' extensive marketing campaign relating to same, Defendants are attempting to establish a brand reputation and goodwill in the TRUIST Term in advance of completion of the merger. See Exhibit K.

21. On information and belief, Defendants had actual knowledge of the existence of Truliant's TRULIANT Mark, including the TRULIANT Registration and the TRU Marks, prior to Defendants' adoption and public announcement of the TRUIST Term for the Merged Bank.

22. Defendants were aware or should have been aware that the trade and purchasing public recognize and rely upon the TRULIANT Mark and the TRU Marks to

identify the Truliant Services and to distinguish the Truliant Services from the services of others.

23. Defendants were aware or should have been aware that their announcement and use of the TRUIST Term is likely to confuse, mislead, and otherwise deceive consumers into believing that Defendants' financial services originate from and/or are licensed, sponsored, approved, or authorized by Truliant.

24. Defendants were aware or should have been aware that their use of the TRUIST Term is likely to cause confusion with Truliant's well-known TRULIANT Mark and the TRU Marks.

25. Defendants' acts are likely to cause confusion among the consuming public, purchasers of personal and commercial financial services, as to the source, approval, sponsorship, or affiliation of Defendants' services with the like services of Truliant.

26. By the aforementioned acts, Defendants have taken advantage of and sought to trade upon the reputation and goodwill developed by Truliant in connection with its TRULIANT Mark and TRU Marks and to capitalize on the market created by Truliant for its Truliant Services.

27. Upon information and belief, Defendants' acts were committed with the reckless disregard of Truliant's rights and the likelihood that purchasers and prospective purchasers would be confused and falsely believe that Defendants' services are provided by, licensed by, sponsored by, endorsed by, or otherwise affiliated with Truliant.

28. Defendants' acts will likely induce consumers to believe that the same company provides both Truliant's financial services and Defendants' financial services. Defendants' acts will also likely induce other consumers to utilize Defendants' financial services in the mistaken belief that they have actually affiliated with Truliant's services.

29. As a result of Defendants' conduct, Truliant has suffered and, unless enjoined by this Court, will continue to suffer damage to its business, reputation, and goodwill.

30. The infringing activities of Defendants are wanton, willful, and deliberate.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement in Violation of Lanham Act § 32, 15 U.S.C. § 1114)

31. Truliant repeats and reincorporates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

32. As alleged above, Defendants are actively marketing their Merged Company's financial services in connection with the TRUIST Term. TRUIST has not acquired distinctiveness, has not been exclusively used by Defendants, and will not distinguish the source of the Merged Company's services.

33. Defendants' provision, sale, advertisement, and marketing of financial services in connection with the TRUIST Term is likely to cause confusion, cause mistake, or deceive.

34. Defendants' acts are without license, consent, or permission of Truliant.

35. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. Defendants' conduct has and continues to cause irreparable injury to Truliant and to its business, reputation, and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to Truliant for which there is no adequate remedy at law.

37. Truliant also has suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized or to be realized by Defendants, and costs of suit, pursuant to 15 U.S.C § 1117.

38. Defendants knew or had reason to know of Truliant's longstanding and widely recognized use of its TRULIANT Mark and TRU Marks and nevertheless intentionally adopted and began advertising the TRUIST Term, which is confusingly similar to Truliant's TRULIANT Mark and TRU Marks.

39. Given that Defendants' actions were willful and deliberate, Truliant is entitled to an award of reasonable attorneys' fees against the Defendants, pursuant to 15 U.S.C § 1117.

**SECOND CLAIM FOR RELIEF**
**(False Designation of Origin and Unfair Competition in Violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

40. Truliant repeats and reincorporates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41. Defendants' provision, sale, advertisement, and marketing of financial services in connection with the TRUIST Mark falsely designates and misrepresents the origin of said services and is likely to cause confusion, cause mistake, or deceive as to the

affiliation, connection, or association of Defendants with Truliant or as to the sponsorship or approval of Defendants' services by Truliant.

42. Defendants' acts are without license from or permission of Truliant.

43. Defendants' acts have damaged, impaired, and diluted that part of Truliant's goodwill symbolized by Truliant's TRULIANT Mark, and Defendants' acts will continue to do so.

44. Defendants' acts constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendants' conduct has and continues to cause irreparable injury to Truliant and to its business, reputation, and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to Truliant for which there is no adequate remedy at law.

46. Truliant also has suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized or to be realized by Defendants, and costs of suit, pursuant to 15 U.S.C § 1117.

47. Defendants knew or had reason to know of Truliant's longstanding and widely recognized use of its TRULIANT Mark and TRU Marks, and nevertheless intentionally adopted the TRUIST Term, which is very similar to Truliant's TRULIANT Mark and the TRU Marks.

48.     Given that Defendants' actions were willful and deliberate, Truliant is entitled to an award of reasonable attorneys' fees against the Defendants, pursuant to 15 U.S.C § 1117.

**THIRD CLAIM FOR RELIEF**
**(Trademark Infringement Under the Common Law)**

49.     Truliant repeats and reincorporates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

50.     Truliant owns common law trademark rights in its TRULIANT Mark and the TRU Marks.

51.     Defendants advertise and market their services in connection with the TRUIST Term.

52.     Defendants' advertisement and marketing of financial services in connection with the TRUIST Term are likely to cause confusion, cause mistake, or deceive as to the source of Defendants' services.

53.     Defendants' acts are without license, consent, or permission of Truliant.

54.     Defendants' acts constitute trademark infringement under the common law.

55.     Defendants knew or had reason to know of Truliant's longstanding and widely recognized use of its TRULIANT Mark and TRU Marks, and nevertheless intentionally adopted the TRUIST Term, which is very similar to Truliant's TRULIANT Mark and the TRU Marks.

56.     Defendants' conduct has and continues to cause irreparable injury to Truliant and to its business, reputation, and goodwill, entitling Truliant to remedies under

the common law. Unless said conduct is restrained by this Court, will continue to cause irreparable injury to Truliant for which there is no adequate remedy at law.

## **Prayer for Relief**

WHEREFORE, Truliant prays for the following relief:

1. For a trial by jury on all issues so triable.

2. The Defendants, their officers, agents, co-conspirators, servants, affiliates, employees, successors, and assigns, and all those in privity or acting in concert with Defendants, be enjoined and restrained from directly or indirectly:

   (a) providing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any products or services in connection with the TRUIST Term, or any simulation, reproduction, copy, or colorable imitation thereof;

   (b) registering, or applying to register, the TRUIST Term, or any other trademark similar to Truliant's TRULIANT Mark;

   (c) using any false designation of origin, or performing any act which can, or is likely to lead, members of the trade or public to believe that any products or services provided by Defendants are any way associated or connected with Truliant or are provided, sold, licensed, sponsored, approved, or authorized by Truliant;

   (d) using the domain name www.truist.com or any other domain name which colorably simulates Truliant's TRULIANT Mark, which can, or is likely to

lead, members of the trade or public to believe that any service provided by Defendants is any way associated or connected with Truliant or is sold, licensed, sponsored, approved, or authorized by Truliant;

(e) transferring, consigning, selling, shipping, or otherwise moving any products, in Defendants' possession, custody or control in connection with the TRUIST Term or any mark that is substantially similar or identical to Truliant's TRULIANT Mark, or disposing of in any way Defendants' records relating to the design, appearance, sales, or orders for the purchase of services bearing or in connection with any marks confusingly similar to Truliant's TRULIANT Mark;

(f) engaging in any activity constituting unfair competition with Truliant, or with Truliant's rights in, or to use, or exploit, the TRULIANT Mark, or causing injury to Truliant's name, reputation, or goodwill; and

(g) assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (a) through (f) above.

3. Directing that Defendants to deliver up for destruction all products, labels, signs, prints, packaging, wrappers, advertisements, promotional materials, catalogues, brochures, information sheets, website materials, or other printed or graphic materials of any type in their possession or control bearing any of the matter enjoined under Paragraph 2 of the Prayer for Relief.

4. Directing that Defendants demand that all their customers cease distributing, circulating, selling, offering for sale, advertising, promoting, providing, or displaying any financial services in connection with the TRUIST Term or any simulations, reproductions, copies, or colorable imitations thereof.

5. For monetary damages sustained by Truliant as a result of Defendants' unlawful conduct, and all profits realized or to be realized, in an amount to be proved at trial, and to be trebled or enhanced as allowed by law because of Defendants' activities described herein.

7. Directing that the aforesaid amounts be multiplied or otherwise enhanced as permitted by law.

8. Awarding punitive damages against Defendants and in favor of Truliant in amount to be determined at trial for the intentional, willful, and wanton acts of Defendants.

9. Awarding Truliant its reasonable attorneys' fees and costs herein.

10. Granting Truliant such other and further relief as the Court may deem just and proper.

This the 17th day of June, 2019.

        **FOX ROTHSCHILD, LLP**

        /s/ Richard Coughlin
        Kimberly B. Gatling
        N.C. State Bar No. 27234
        Richard Coughlin
        N.C. State Bar No. 19894
        Whit D. Pierce
        N.C. State Bar No. 46327

        FOX ROTHSCHILD LLP
        300 N. Greene Street, Suite 1400
        Post Office Box 21927
        Greensboro, NC 27420
        Telephone: (336) 378-5200
        Facsimile: (336) 378-5400
        kgatling@foxrothschild.com
        rcoughlin@foxrothschild.com
        wpierce@foxrothschild.com